UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BANK OF AMERICA FRAUDULENT
ACCOUNT LITIGATION                                              MDL No. 3088

ORDER DENYING TRANSFER

**Before the Panel:**[*]  On September 13, 2023, plaintiff in the Middle District of Tennessee *Barrett* action filed a motion under 28 U.S.C. § 1407 to centralize this litigation in the Middle District of Tennessee.  The litigation at that time consisted of seven actions, four pending in the Western District of North Carolina, two in the Northern District of Illinois, and one in the Middle District of Tennessee.  Since the filing of the motion, three of those actions—including that of the movant[1]—have been dismissed.  The issue of centralization remains in dispute among the parties to the four remaining actions, which are listed on Schedule A.  In addition, the Panel has been notified of two potentially-related actions, both pending in the Western District of North Carolina.

Plaintiffs in two actions and in both potentially-related actions support centralization in the Western District of North Carolina, while plaintiff in another action supports centralization in the Northern District of Illinois.  Plaintiff in the Northern District of Illinois *Stripling* action opposes centralization but alternatively suggests centralization in the Northern District of Illinois or the Western District of North Carolina.  Defendants Bank of America, N.A., and Bank of America Corporation (together, Bank of America) do not oppose centralization in the Western District of North Carolina.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation.  On July 11, 2023, the Consumer Financial Protection Bureau filed a stipulated Consent Order, finding that Bank of America had engaged in improper account-opening conduct in violation of the Truth in Lending Act, the Fair Credit Reporting Act, and the Consumer

---

[*]  Judges Karen K. Caldwell and David C. Norton did not participate in the decision of this matter.  Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Even though moving plaintiff has dismissed his case, we will consider centralization of these actions on our own initiative.  *See* Hearing Session Order, MDL No. 3088 (J.P.M.L. Oct. 13, 2023), ECF No. 37 ("IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters [on the attached Schedule] to any district or districts.").

- 2 -

Financial Protection Act.  These putative nationwide class actions, filed shortly thereafter, share factual questions arising from allegations that Bank of America opened credit card or checking accounts for the plaintiffs without their knowledge or consent.  There are, however, only six actions at issue (including the two potentially-related actions), which are pending in only two districts.  This litigation has not grown since the motion for centralization was filed—indeed, three actions on the motion have been dismissed.  Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate.  *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).  The proponents of centralization have not met that burden here.

We repeatedly have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options."  *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F Supp. 2d 1376, 1378 (J.P.M.L. 2011).  These options include Section 1404 transfer, dismissal or stay under the first-to-file doctrine, agreement by plaintiffs to voluntarily dismiss their actions in favor of one district, and cooperation among the parties and the various transferor courts.  *In re Gerber Probiotics Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379-80 (J.P.M.L. 2012).  We also have explained that "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization."  *Id.*  Here, four of the six pending actions were filed in the Western District of North Carolina, where Bank of America is headquartered.  At oral argument, counsel for Bank of America stated that, if the motion for centralization is denied, it intends to file Section 1404 motions seeking to transfer the Northern District of Illinois actions to the Western District of North Carolina.  In these circumstances, there appears to be a reasonable prospect that these actions may be consolidated in a single district by means of Section 1404 transfers.  Even if consolidation cannot be accomplished under Section 1404, informal coordination among the small number of parties and involved courts in this litigation seems eminently feasible.

IT IS THEREFORE ORDERED that the motion under 28 U.S.C. § 1407 for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

| | |
|---|---|
| Matthew F. Kennelly | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: BANK OF AMERICA FRAUDULENT
ACCOUNT LITIGATION**                                        MDL No. 3088

**SCHEDULE A**

Northern District of Illinois

SCHAK v. BANK OF AMERICA, N.A., ET AL., C.A. No. 1:23−06127
STRIPLING, ET AL. v. BANK OF AMERICA, N.A., C.A. No. 1:23−06829

Western District of North Carolina

BALLARD v. BANK OF AMERICA, N.A., ET AL., C.A. No. 3:23−00422
MAGERS, ET AL. v. BANK OF AMERICA, N.A., C.A. No. 3:23−00459